People of Porto Rico, Plaintiff and Appellee, *v.* Francisco Benítez, Defendant and Appellant.

No. 3167. Argued May 25, 1927.—Decided June 9, 1927.

*Federico Acosta Velarde* for the appellant. *José E. Figueras* for the appellee.

Mr. Justice Franco Soto delivered the opinion of the court.

The defendant was convicted of assault and battery and sentenced to thirty days in jail.

The information is to the effect that the accused, an adult male, wilfully, maliciously and with criminal intent struck a boy with a stone, wounding him in his right leg.

The first witness for the prosecution was Fernanda Santiago who testified that her son came to her "covered with blood," and that she at once asked him what had happened. This was objected to by the attorney for the defendant, and there occurred the following incident which gave rise to an assignment of error:

"Attorney: I object to that. Judge: As to hearsay matter, no. P.—Only what you know. W.—I know that this man struck my boy with a stone. P.—Did you see it? W.—No, but my boy. . . J.—How long after receiving the wound did your son tell you that? W.—The next day, as his condition became serious so· that he could not speak or do anything. J.—The court admits the question as a part of the *res gestae*. A.—I take exception."

Further testifying, the witness said that her son was unable to make those statements until the following day because "his condition was serious when they brought him to be attended, as he had lost much blood," and under the circumstances, that is, the condition of the boy as a consequence of the wound, it can not be held that the court erred in allowing the witness to repeat the statements made to·

her by the boy on the day following the occurrence. See *People* v. *Calventy,* 34 P.R.R. 375. Besides, had there been any error it would not have been prejudicial, because the boy, Efraín Santiago, eight years of age, testified that the defendant had thrown a stone and wounded him in his right leg while he was trying to take a piece of cane from a wagon in the Aguadilla railway station.

The second assignment of error is to the effect that as this is a case of aggravated assault and battery, there was no proof that the defendant was an adult male, that is, over twenty-one years of age.

The district attorney offered as proof thereof the testimony of the clerk of the district court, Andrés Méndez Liciaga, 48 years of age, who said that he did not know the defendant, but that judging from his appearance he must be 25 or 26 years of age. The judge also said that the defendant showed by his appearance to be older than twenty-one years.

This evidence was objected to by the defendant on two grounds. First, that the best evidence would be the birth certificate of the defendant, and, second, that the witness was not qualified to testify to the age of the defendant.

It is true that this court has held, following the jurisprudence of the Supreme Court of Texas from which state the present law on aggravated assault and battery seems to have been taken, that in the absence of positive proof that the defendant is an adult male, that evidence can not be supplied by the mere personal opinion of the judge. However, the questions raised by the appellant were considered in the case of *People* v. *Hernández,* 34 P.R.R. 313, where after citing other cases this court said:

"To prove an aggravated assault and battery of a man against a woman it was necessary to prove that the defendant was over 21 years of age. To establish this conclusion the *fiscal* introduced the testimony of two witnesses tending to show that each of them had known the defendant from ten to fourteen years before, at which

age said defendant was sufficiently matured to be wearing long trousers; that to judge by their knowledge of defendant and the latter's appearance he must have been about 36 years old at the time of the trial and that a man of his appearance and marks was bound to be over 21 years of age.

"The defendant objected to the introduction of this evidence, first on the ground that it was not the best evidence; that an excerpt from the civil registry would be the best evidence of the age of the defendant. In *People* v. *Ruiz*, 31 P.R.R. 297, we decided that the testimony of a physician was admissible to show that a defendant was more than 21 years old when that fact was so apparent that not only an expert but even an ordinary witness could testify thereto. We held that section 320 referred to the civil status and was no obstacle to proving that a man was over 21 years of age when no question of his civil status was involved.

"Section 320 of the Civil Code, moreover, is as follows:

"'The records in the registry shall be evidence of the civil status, and any other evidence can be admitted only when such records have never existed or the books of the registry should have disappeared or when a litigation is instituted before the courts.'

"In *Assise* v. *Curet*, 22 P.R.R. 518, the best evidence objection was not presented in the court below. Nevertheless, when the question was presented we held, Mr. Chief Justice Hernández writing the opinion, that the terms of section 320 were not applicable when the status was not the matter in controversy. Bearing on the same matter is *People* v. *Díaz*, 19 P.R.R. 497.

"While in *People* v. *Ortiz*, 29 P.R.R. 695, we held that the court by mere inspection had no right to convict, the theory was that some evidence must be presented even if, as suggested, the judge became a witness. In the instant case the defendant was confronted with the witnesses against him, who gave evidence compounded of experience and opinion.

"A competent observer may be permitted to state his inference as to the age of human beings, whether they are adult or young children. 22 C. J. 560, notes 43 & 44; *People* v. *Bond*, 13 Cal. A. 175, 191, 109 P. 150; Wigmore on Evidence, Sections 222, 227, 660.

"*People* v. *Lebrón*, 23 P.R.R. 611, was a case where the racing of defendant and another chauffeur caused an accident. Held that witnesses might testify to the fact of racing and that such testimony was not a mere conclusion."

We can not say that in this case the personal opinion of

the trial judge, as made to appear in the record, was the only means which the judge had for reaching the conclusion that the defendant was over 21 years of age. The testimony of Andrés Méndez Liciaga was sufficient to give legal support to that opinion. The evidence of the clerk, like that of any other witness, can not be held inadmissible. It is not necessary to be endowed with special knowledge to make an approximate estimate of the age of a person by judging from his physical appearance. When it is a case of calculating the exact age it is clear that in the absence of more definite information recourse must be had to the expert knowledge of persons who on account of their professions might fix it, and even then a mathematical determination would be almost impossible. As a person grows older he shows by his appearance his approximate age, and a witness, with the experience of years, may be a qualified witness as to the age of the person. In the present case witness Méndez Liciaga, 48 years old, was qualified to testify whether the defendant was more than 21 years old, and he testified that, judging from his appearance, the defendant must have been 25 or 26 years old. This was a means which enabled the judge to give legal support to his opinion which was made to appear in the record.

Moreover, there is in this case the fact that some of the witnesses for the prosecution used the word "señor" when referring to the defendant.

It seems that though there is no direct proof in the statement of facts to the effect that the defendant was an adult male, yet it is found that he is spoken of as a "man" and a "railroad hand," and as there is no question or controversy raised about that fact, the case will not be reversed for want of specific proof thereof. 11 S. W. 672.

Following the same reasoning and considering that the defendant in the present case was a railroad hand employed as watchman of wagons loaded with sugar cane, perhaps the word "señor" has by its definition the same or more force

as applied to him, as an inference or proof to be weighed by the judge. The word as ordinarily used is applied to persons of lawful age. Its root comes from the Latin *seniore*, abl. of *senior;* from *senex,* an old man; from *seneo,* to grow old; from the Gr. *henos,* ancient; from Sanscr. *sanas,* old. Dic. of the Spanish Language, Navas and Rodríguez, p. 1304.

The last assignment of error deals with the weighing of the evidence. The evidence was conflicting and we have found nothing to show that the trial judge erred or was swayed by passion, prejudice or partiality in deciding the conflict against the defendant.

For the foregoing reasons the judgment appealed from must be affirmed.